FEDERAL MORTGAGE & FINANCE CO., INC., v. LUX

---

(January 5, 1931. Opinion and Decree.)

---

Joseph Rosenberg, of New Orleans, attorney for plaintiff, appellant.

Frank Soule, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit on five rent notes of $35 each, aggregating $175. The suit is defended upon the ground that the plaintiff is not a holder in due course; and the consideration for which the notes were given having failed, and the notes having been purchased with knowledge of this deficiency, no recovery can be had.

There was judgment below in defendant's favor and plaintiff has appealed.

T. S. Lux, the defendant herein, leased from the Tulane Investment Company, Inc., the upper apartment of the building known by the municipal No. 4919 Magnolia street in the city of New Orleans, for one year beginning October 1, 1927, and ending September 30, 1928. At the time of the signing of the lease the property was mortgaged to the Standard Homestead Association. On October 20, 1927, the Tulane Investment Company assigned the lease and rent notes, and on October 27, 1927, transferred the property to L. H. Jones, who assumed the mortgage. On November 15, 1927, Jones assigned the lease to the Federal Mortgage & Finance Company, Inc., plaintiff herein, by indorsement on the lease as follows:

"For value received I hereby assign, transfer and deliver unto the Federal Mortgage & Finance Company, Inc. all my right, title and interest in and to the within lease and all rent notes—identified therewith."

A little later, November 17, 1927, the secretary of the Federal Mortgage & Finance Company, Inc., Harry Goldman, caused the following inscription to be entered in the conveyance office of the parish of Orleans, in book 432, folio 486:

"State of Louisiana, Parish of Orleans.

"Before me, the undersigned authority, personally came and appeared Harry Goldman, Secretary of Federal Mortgage & Finance Co., Inc., who being duly sworn, deposes and says: That on July 25, 1927, the Tulane Investment Co. Inc. leased unto T. S. Lux, the upper apartment of Duplex, known as No. 4919 Magnolia St., between Robert and Upperline Sts. for term of 12 months rental of $35.00 evidenced by 12 notes and lease containing the usual clauses. That on October 20, 1927, the said lease and rent notes were assigned by the Tulane Investment Co. Inc. to L. H. Jones.

"That on Nov. 15, 1927 the said L. H. Jones transferred the said lease and remaining notes to the Federal Mortgage & Finance Co. Inc."

"[Signed] Harry Goldman

"Sworn to and subscribed before me this Nov. 17, 1927.

"[Signed] Joseph Rosenberg, Not. Pub."

On March 26, 1928, the Standard Homestead Association foreclosed on the property and bought it in at judicial sale. The notes sued on cover the period of the lease after the foreclosure of the mortgage by the homestead and represent the unexpired portion of the lease, for which the defendant Lux received no consideration in rent, as he was dispossessed by the homestead.

It is the contention of plaintiff that the notes are negotiable in form, notwithstanding their identification with a contract of lease, citing First State Bank & Trust Company v. Crain, 157 La. 427, 102 So. 513, 38 A. L. R. 347, where it was held "that the mere physical taking of the written lease did not thereby make plaintiff (the bank) become a party to the lease." But the main difference between the facts in this case and those which obtained in the cited case is that here the lease and notes were transferred by assignment and not by indorsement, a circumstance which, even though the notes were negotiable in form,

distinguishes the case, for the assignee took them subject to all equities as between the original parties, particularly the stipulations in the lease itself.

"The practical difference between transfer by assignment and transfer by endorsement is: (1) The former makes the holder take subject to equities; and (2) the assignor, as distinguished from an endorser, in the absence of a statute to the contrary, is not liable to the assignee, except on his implied warranties." 8 C. J. 384.

In Joyce's Defenses to Commercial Paper, volume 1, page 924, we read:

"But where a mortgage is temporarily pinned to a note, endorsement of the mortgage operates as a common law assignment, and not a negotiation of the note so as to protect the transferee against prior equities and defenses."

In the case at bar the Tulane Investment Company, the original lessor, certainly could not maintain an action for rent covering the unexpired period of the lease, nor could L. H. Jones, its assignee, nor could the Federal Mortgage & Finance Company, his assignee, since both Jones and the Federal Mortgage & Finance Company, in acquiring all of the rights of their respective assignors, assumed the burden of their obligations.

The plaintiff stands in exactly the same position as if it had originally leased the premises to defendant and is in no sense a holder in due course under the Negotiable Instruments Law (Act No. 64 of 1904, as amended by Act No. 89 of 1926). This was the view of the judge, a quo, and we are of the opinion that his judgment was correct.

For the reasons assigned the judgment appealed from is affirmed.